## Christ Kammerer, Appellee, v. United States Silica Company, Appellant.

## Gen. No. 6,092.   (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed December 27, 1915.

### Statement of the Case.

Action by Christ Kammerer, plaintiff, against the United States Silica Company, defendant, in the Circuit Court of Lake county to recover for breach of the covenants of a lease of real estate.

From a judgment for plaintiff for $125, after trial by jury on appeal from a justice of the peace, defendant appeals.

It appears from the evidence that the defendant on February 26, 1914, leased to the plaintiff the land in question, by a written lease. The term which was from March 1, 1914, to February 28, 1915, and which contained a provision by which the defendant reserved the privilege at any time to enter the property for certain purposes, and also the further stipulation that plaintiff should not hold the defendant liable for any damages as a result of the occupation of portions of the property by the defendant, for the purposes named.

The land in question, which was situated about two miles from the City of Ottawa, was known as sand land; and could also be used for pasture. There was a dwelling house on the land. The plaintiff from obtaining his lease from the defendant paid the first instalment of rent, and on the commencement of his term endeavored to take possession of the premises, but found another person in possession who claimed that he had a prior lease from the defendant, and refused to surrender possession. Plaintiff had come there with his household goods and effects, which he

wanted to install upon the premises, and being thus prevented from entering was forced to rent other premises of a different kind and in a different locality.

McDougall & Chapman, for appellant.

H. M. Kelly, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

## Abstract of the Decision.

1. Landlord and tenant, § 161*—*when lessee entitled to possession.* Where a lessee is in possession of premises under an oral lease, the legal as well as the actual possession of such premises is in such lessee.

2. Landlord and tenant, § 176*—*what constitutes breach of implied covenant for possession and quiet enjoyment.* The covenant for possession and quiet enjoyment impliedly contained in a lease is breached where at the time when the lessee seeks to take possession of the demised premises another is in possession thereof under a prior lease.

3. Landlord and tenant, § 191*—*when questions as to existence of prior lease and possession by third person for jury.* In an action by a lessee to recover for breach of a lease, where the breach assigned is that plaintiff was prevented from taking possession of the demised premises by the fact that another was in possession thereof under an alleged prior lease from defendant, the questions whether there was such a prior lease and whether such other person was in possession thereunder are questions of fact for the jury.

4. Assumpsit, Action of, § 6*—*when lies.* An action of assumpsit will lie to recover for a breach of the implied covenant of a lease for possession and quiet enjoyment of the demised premises.

5. Landlord and tenant, § 191*—*what is measure of damages for breach of lease by lessor.* In an action by a lessee to recover for breach of the condition of a lease, the measure of damages is the difference between the rental value of the premises involved and the rent which lessee actually agreed to pay, together with such special damages as may have been directly and necessarily occasioned to plaintiff by defendant's wrongful act, but not including what plaintiff might have made on the premises during the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lease, or loss sustained by being compelled to sell his stock, agricultural implements, etc., for less than their value.

6. TRIAL, § 276*—*when interrogatories as to rental value of land erroneous.* In an action by a lessee to recover for breach of the condition of a lease, where the breach assigned is that plaintiff was prevented from taking possession of the demised premises by the fact that another was in possession under an alleged prior lease from defendant, and where plaintiff's lease reserved the right to enter upon the demised premises to lay tracks and to mine silica, and that plaintiff should exonerate defendant from liability for damages in case the rights reserved should be exercised, interrogatories to the jury as to the rental value of the land not incorporating such reserved rights as elements of value, *held* erroneous.

7. LANDLORD AND TENANT, § 191*—*when evidence as to rental value of house as distinct from land inadmissible.* It is error to permit the jury to consider evidence of the rental value of a house apart from the rental value of a tract of land on which the house is situated, in computing the rental value of the premises occupied in estimating damages for breach of an implied covenant of possession and quiet enjoyment.

8. INSTRUCTIONS, § 104*—*when instruction as to amount of recovery erroneous.* An instruction that if certain facts are found the jury should find for plaintiff, "in such damages as it is proved under the instructions in this case he has suffered," is erroneous where no other instruction is given laying down a correct measure of damages.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.